**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **CASE NO. 4:24-CR-00142-BSM-2**

**JENNIFER MARIE HUGHES** **DEFENDANT**

**ORDER**

Jennifer Hughes's motion for variance [Doc. No. 59] is denied as to the constructive possession issue and denied without prejudice as to the motion for downward variance. Hughes may reassert her motion for downward variance at the sentencing hearing.

Constructive possession of a firearm requires power over the firearm and *intent* to exercise control over it. *United States v. Saddler*, 538 F.3d 879, 888 (8th Cir. 2008) (constructive possession because defendant had a key to the residence, was the main person to use the basement where the firearms were found, and kept personal documents near the firearms). When constructive possession is based on joint occupancy, there must be a nexus between the defendant and the object. *United States v. Wright*, 739 F.3d 1160, 1168 (8th Cir. 2014).

The firearms in question were inside a box in the southwest bedroom of the residence Hughes and Clayton Yielding shared. Yielding told the police the bedroom was his and everything inside belonged to him. Hughes admits that she knew the firearms were in the room in which they were found but states that the firearms were Yielding's

and she did not know they were loaded. In response, the government argues that Yielding and Hughes jointly possessed the firearms because they maintained joint occupancy of the house, she knew the firearms were in the house, and she was a full participant in the drug dealing scheme to the extent that she destroyed drugs when the police came to the residence.

Although Hughes's position is understandable, the government's argument carries the day because Hughes and Yielding were drug dealers, and it is almost axiomatic that drugs come with guns. It appears that Yielding, like many other drug dealers, maintained guns to protect his dope-dealing operation, and it would be implausible to believe that Hughes did not benefit from Yielding's protection or that she would not use one of the firearms if necessary to protect herself and the drug operation. Although there is no direct evidence to controvert Yielding's contemporaneous statement to police that the guns were his or to contradict Hughes's argument that she had no control over those guns, the overwhelming circumstantial evidence shows that she jointly possessed them.

IT IS SO ORDERED this 13th day of November, 2026.

Brian S. Miller

UNITED STATES DISTRICT JUDGE